UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITED STATES OF AMERICA           )
FOR THE USE AND BENEFIT OF         )
WALKER SEAL COMPANIES, INC.,       )
                                   )
            Plaintiff,             )
                                   )    Civil Action No. 04-0833
       v.                          )    (EGS)
                                   )
LIBERTY MUTUAL INSURANCE COMPANY   )
                                   )
            Defendant.             )
_____)

**OPINION & ORDER**

Use-Plaintiff Walker Seal initiated this Miller Act lawsuit against Sigal Construction, Inc.'s payment bond surety, Defendant Liberty Mutual, for amounts Walker Seal claims are due plaintiff for work performed on a project for the United States Department of Agriculture.  Pending before the Court is defendant's Motion to Dismiss or in the Alternative to Stay Pending Arbitration. Upon consideration of defendants' motion, the response, reply, and surreply thereto, and for the reasons stated below, this Court concludes that defendant's motion should be **DENIED** and that the defendant should file a responsive pleading within thirty (30) days of this Order.

**I.   Background**

The Miller Act requires contractors doing work with the federal government to furnish payment bonds with a surety in order to protect those who provide work or material on the

government project.  *See* 40 U.S.C.A. §3131.  The Miller Act also provides that subcontractors doing work on a government project who do not receive payment within ninety days of completion of the work may bring a civil action on the surety to recover the unpaid funds.  *See* 40 U.S.C.A. 3133.

According to the complaint, Sigal Construction Corporation entered into a contract with the United States Department of Agriculture for the construction of the USDA South Building - Wing 4 Project, located in the District of Columbia.  *See* Compl. ¶ 5.  As required by the Miller Act, in order to secure its payment obligations on the project, Sigal provided a payment bond for the Project, issued by Liberty Mutual.  *See* Compl. ¶ 6.  Sigal subsequently entered into a subcontract with Walker Seal to perform certain electrical work on the USDA project.  *See* Compl. 7.  Walker Seal alleges that more than ninety days have passed since completion of its work, and there are outstanding payments owed by Sigal to Walker Seal.  *See* Compl. ¶¶ 10-13.  Thus, Walker Seal initiated the instant action against Liberty Mutual, the surety, pursuant to the Miller Act, in order to recover the funds allegedly owed for Walker Seal's work on the USDA project.

**II. Standard of Review**

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "may consider only the facts alleged in the complaint, any documents

2

either attached to or incorporated in the complaint and matters of which the Court may take judicial notice." *See EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). If the parties present, and the court considers, matters outside the complaint, the court will convert the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

Summary judgment should be granted pursuant to Fed. R. Civ. P. 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 991 (D.C. Cir. 2002). Although the party opposing the motion may not rely solely on pleadings or conclusory factual allegations, the Court must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III. Discussion**

Liberty Mutual filed a motion to dismiss, or in the alternative, to stay the case pending arbitration. Liberty Mutual contends that Walker Seal is contractually required under the terms of the subcontract with Sigal to exhaust its contractual remedies, including submitting this nonpayment claim

to arbitration, prior to bringing suit.  Liberty Mutual maintains that because Walker Seal has failed to satisfy these contractual requirements, the complaint should be dismissed or, in the alternative, stayed pending arbitration.  In support of its motion, Liberty Mutual attached a copy of the subcontract between Sigal and Walker Seal.

In opposition to the defendant's motion to dismiss or stay, Walker Seal points to language in the addendum to the subcontract that "[n]othing herein shall limit the Subcontractor's rights under Sigal's payment bond or the Miller Act."  Walker Seal thus argues that it is not required to pursue arbitration of its non-payment claim before bringing this action under the Miller Act.  In support of this argument, Walker Seal also attached a copy of the subcontract to its opposition pleading, as well as an affidavit from James Craft, president of Walker Seal, in which Mr. Craft states the company's intention behind the addendum language was to nullify the subcontract's general arbitration provision with respect to a payment bond claim.

In its reply in support of its motion to dismiss or stay the case pending arbitration, Liberty Mutual points to other provisions of the subcontract and other language in the addendum and counters that the addendum language cited by plaintiff does nothing to alter Walker Seal's obligations under the subcontract to submit this dispute to arbitration.

**IV.  Conclusion**

In light of the parties' reliance on matters outside the complaint, because it appears to the Court that there are genuine issues of material fact at issue in this case, and resolving ambiguities and drawing all reasonable inferences in favor of the plaintiff, it is hereby **ORDERED** that Defendant Liberty Mutual's motion is **DENIED.**  It is further **ORDERED** that Defendant shall file a responsive pleading by no later than March 9, 2005.

**Signed:    EMMET G. SULLIVAN**
**            United States District Judge**
**            February 9, 2005**

**IV.  Conclusion**

In light of the parties' reliance on matters outside the complaint, because it appears to the Court that there are genuine issues of material fact at issue in this case, and resolving ambiguities and drawing all reasonable inferences in favor of the plaintiff, it is hereby **ORDERED** that Defendant Liberty Mutual's motion is **DENIED.**  It is further **ORDERED** that Defendant shall file a responsive pleading by no later than March 9, 2005.

**Signed:    EMMET G. SULLIVAN**
            **United States District Judge**
            **February 9, 2005**

Notice to:

Michael C. Zisa, Esq.
Quagliano & Seeger, P.C.
2620 P Street, NW
Washington, D.C. 20007
    *Counsel for plaintiff*

Simon Santiago, Esquire
Wickwire Gavin, P.C.
8100 Boone Boulevard, Suite 1700
Vienna, VA 22182
    *Counsel for defendants*